UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
Timothy R. Burgess, John      :
A. Burgess, Virginia G.       :
Burgess, and Virginia G.      :
Burgess on behalf of          :
Timothy John Burgess, a       :
minor,                        :
          Plaintiffs,         :
                              :
          v.                  :       File No. 1:07-CV-80
                              :
Robert Hofmann,               :
Commissioner, Vermont         :
Department of Corrections,    :
Vermont Department of         :
Corrections, and State of     :
Vermont,                      :
          Defendants.         :
```

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 19 and 23)

Plaintiffs Timothy R. Burgess, John Burgess, and Virginia Burgess, on behalf of herself and her grandson, Timothy J. Burgess, each proceeding *pro se*, bring this action pertaining to Timothy R. Burgess's incarceration. The Burgesses claim that the elder Timothy's transfer to a private prison facility in Kentucky violates their "ongoing liberty interest in continuing family contact . . . ." The plaintiffs also claim that Timothy R. Burgess has received inadequate medical care, that his transfer was improper, and that a transfer to a privately-run prison is unlawful.

The issue currently before the Court is whether to set aside the entry of default imposed by the clerk's office on September 12, 2007.  The clerk's default was entered due to the defendants' failure to file a timely answer.  The plaintiffs have now moved for a default judgment (Paper 19), and the defendants have moved to vacate or set aside the entry of default (Paper 23).

Motions to vacate are governed by Rule 55(c) of the Federal Rules of Civil Procedure.  Rule 55(c) reads, "[f]or good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).  Rule 60(b)(1) provides for relief based upon "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6).  In applying the "good cause" standard, courts examine (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

"The disposition of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Id. at 95. In considering a motion to vacate a default judgment, the Second Circuit has expressed its "preference that litigation disputes be resolved on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation and citation omitted). Indeed, the Second Circuit has instructed that, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." Enron Oil Corp., 10 F.3d at 95. "The extreme sanction of default judgment must remain a weapon of last, rather than first, resort, which should only be imposed upon a serious showing of willful default." BBC Enters. Ltd. v. Gold Coast Tape Distrib., Inc., 1992 WL 276562, at *2 (S.D.N.Y. Sept. 29, 1992) (internal

quotations and citations omitted).

In this case, the three prong test for "good cause" suggests that the clerk's default should be vacated.  The first prong requires that a defendant willfully default. The Second Circuit has interpreted the willfulness standard to include conduct that is deliberate, egregious, or evidencing bad faith.  See American Airlines Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996).  In support of his motion to vacate, counsel for the defendants has submitted an affidavit showing that the default was clearly not willful.  The defendants' answer was due on August 13, 2007.  Counsel assumed responsibility for this case, and approximately 70 other active cases, on July 9, 2007.  In his effort to calendar the relevant deadlines in these cases, he failed to note the date for a responsive pleading in this case. Even after the court sent a reminder order on August 21, 2007, counsel still failed to file a timely answer.

Counsel's initial inadvertence was compounded by events in his life, including his wife's surgery on August 6, 2007, an injury suffered while on vacation during the week of August 20, 2007, and his absence from

4

the office due to a bout of pneumonia during the week after Labor Day.  These events may explain his inability to comply with the Court's order of August 21, 2007.  In any event, it appears that counsel's failure to file a timely responsive pleading was not the result of willful conduct on his part.

On the issue of prejudice, counsel's failure to file an answer has only delayed the case by approximately one month.  The answer was originally due on August 13, 2007, and counsel submitted an answer, along with a partial motion to dismiss, on September 14, 2007.  Moreover, the plaintiffs have not argued that they suffered any substantive prejudice.  See, e.g., Farrell v. Cty. Van & Storage, Inc., 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996) (plaintiff may demonstrate prejudice by showing that ability to pursue claim has been hindered by "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgment").

The third prong of the "good cause" test is whether a meritorious defense has been presented.  In their partial motion to dismiss, the defendants have set forth

5

various defenses including sovereign immunity and failure
to state a claim under Rule 12(b)(6).  While the Court
expresses no opinion at this time with respect to whether
these defenses will be ultimately successful, they appear
to have sufficient merit for purposes of Rules 55 and 60.

The plaintiffs argue that the defendants have not
presented meritorious defenses to their claims for
equitable and declaratory relief.  Of the five counts in
the complaint, the defendants have moved to dismiss
counts two through five in their entirety.  With respect
to the first count, which alleges inadequate medical
care, the defendants' partial motion to dismiss addresses
only the plaintiffs' claims for monetary relief.
Nonetheless, the allegations supporting count one are
largely denied in the defendants' answer, and the Second
Circuit has held that defenses in an answer can be used
to meet "the low threshold of adequacy for Rule 55
purposes." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.
1981); see also Mathon v. Marine Midland Bank, N.A., 875
F. Supp. 986, 994 (E.D.N.Y. 1995).  Accordingly, and
given the Second Circuit's preference for resolving cases
on the merits, I recommend that the defendants' motion to

set aside default (Paper 23) be GRANTED and the

plaintiffs' motion for default judgment (Paper 19) be

DENIED.

Dated at Burlington, in the District of Vermont,

this 23<u>rd</u> day of October, 2007.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b),
6(a) and 6(e).